## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE BARTLESON, | : |
| Plaintiff, | : |
| -against- | : |
| LUZERNE COUNTY, PENNSYLVANIA; LUZERNE COUNTY CHILDREN & YOUTH SERVICES; LEDONNE KELLY, | : NO. |
| | : JURY TRIAL DEMANDED |
| Defendants. | : |

## COMPLAINT

Plaintiff GEORGE BARTLESON, by his attorney, Elizabeth J. Bartolai, Esq., for his Complaint alleges as follows:

### *JURISDICTION AND VENUE*

1. This action arises out of violations of 42 U.S.C. § 1983, and the United States Constitution. This Court has jurisdiction pursuant to 42 U.S.C. §§ 1331 and 1343. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## *THE PARTIES*

2.  Plaintiff George Bartleson is an adult individual currently residing at 48 Church Street, Edwardsville, Pennsylvania, 18704.  He is the biological father of a minor child previously named Nebraska Meyer.

3.  Defendant Luzerne County, Pennsylvania ("Luzerne County") is a municipality in the Commonwealth of Pennsylvania.  Defendant Luzerne County Children & Youth Services ("Luzerne County CYS") is a governmental organization operated by Luzerne County.  Luzerne County CYS's function is to protect children whose parents are abusive, or cannot or will not properly care for them.

4.  Defendant LeDonne Kelly ("Kelly") is and at all relevant times was a caseworker employed by Luzerne County and Luzerne County CYS.

5.  Upon information and belief, all Defendants are residents of the Commonwealth of Pennsylvania.

## *BACKGROUND*

6.  Nebraska Meyer ("Nebraska") is the name, or former name of a minor who is the biological child of Plaintiff George Bartleson.  Nebraska was born on July 30, 1999.

7.   At various times prior to and during the events described below, Defendant Kelly was the Luzerne County CYS caseworker involved with Nebraska.

8.   In approximately August of 1999, Luzerne County CYS gained legal custody of Nebraska.  On October 22, 1999, Nebraska was found to be dependent as that term is defined under the Juvenile Act.

9.   Plaintiff was ordered to have mental health counseling as well as take parenting classes in August of 1999.

10.   On April 14, 2000, at a review conference, Plaintiff was given continued no visits at the maternal aunt's home at CYS's direction.

11.   On June 30, 2000, following a hearing before the Court, Nebraska was continued to be dependent and the maternal aunt Jamie Tunis was removed as the temporary custodian.  Plaintiff continued to have supervised visits arranged by the agency.  Nebraska was placed in foster care.

12.   The family service plan compiled in June 2001, which was presented in Court on June 27, 2001 states that the view of the agency is to return the child home.  Additionally, the family service plan states that Plaintiff was cooperating with all Court ordered services.

13.  The family service plans compiled in June, 2004 and December, 2004, showed that CYS changed the goal for the minor to adoption from the previous plan that stated the child should be returned home.

14.  On January 4, 2005, the Court filed a Report and Recommendation that states that CYS's permanency placement goal is still appropriate and feasible.  The goal of CYS was to terminate Plaintiff's parental rights to Nebraska.

15.  On March 24, 2005, Defendant Kelly had a meeting with Mr. Bartleson to discuss his parental rights.  Defendant Kelly tried to induce Mr. Bartleson to consent to relinquish his parental rights by promising him that all back child support would be eliminated.  Ms. Kelly went on to threaten Mr. Bartleson that should he fail to immediately sign a form that day relinquishing his parental rights, she would have him arrested.

16.  Mr. Bartleson signed the form afraid that he would be arrested.

17.  Ten days after Mr. Bartleson signed the consent to terminate his parental rights, he called Defendant Kelly and unequivocally revoked his consent to terminate his parental rights.

18.  Subsequent to Mr. Bartleson revoking his consent and previous to the termination hearing, Defendant Kelly informed Domestic Relations Section of Luzerne County that Mr. Bartleson revoked his consent and to

reinstate the Child Support obligation.  **Clearly, Defendant Kelly knew that Mr. Bartleson did not consent to the termination of his parental rights.**

19.   On April 11, 2005, a termination hearing was held.  Mr. Bartleson had not been notified of the hearing.  He absolutely would have objected had he been properly served or otherwise notified.  Defendant Kelly falsely represented that Mr. Bartleson was in the hallway during the hearing.  Mr. Bartleson was not informed of the hearing.  Defendant Kelly falsely represented that he was present and did not wish to be heard.  Based on the circumstances, the Court terminated Mr. Bartleson's parental rights.

20.   Clueless as to what transpired, Mr. Bartleson contacted Defendants in order to secure visits with Nebraska.  Despite these contacts by Mr. Bartleson, Defendants did not tell him that his parental rights had been terminated and concealed the fact that they did not provide notice to Mr. Bartleson of the parental rights termination hearing.

21.   On May 11, 2007, by correspondence to Mr. Bartleson, Luzerne County CYS informed Mr. Bartleson, for the first time, that his parental rights were terminated.

22.   Nebraska was adopted by his foster family subsequent to the termination hearing and Order granting the termination on April 11, 2005.

23.   Upon information and belief, Defendant Kelly conspired with others to terminate Mr. Bartleson's parental rights without notice to him and by misrepresenting the facts to the Court and others.

24.   Upon information and belief, there are other cases which Defendant CYS and its employees chose a course of dishonesty and concealment in order to achieve their goals.

**The Policies of Luzerne County and of Luzerne County CYS**

Defendant Kelly's actions including threatening Mr. Bartleson, failing to serve or otherwise notify Mr. Bartleson of a hearing to terminate his parental rights and lying about a parent's presence or desire to be heard are consistent with an in furtherance of Luzerne County's and Children and Youth policies and customs.

### FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983)

25.   Plaintiff repeats and realleges paragraphs 1 through 24 as if fully repeated herein.

26.   All defendants acted under color of state law.

27.   Defendant Kelly and others conspired to withhold from Plaintiff the fact that neither she conveyed to the Court that Plaintiff had revoked his consent to terminate his parental rights.  Defendant Kelly made sure Mr. Bartleson was not present in court on the day his parental rights were terminated.  Defendant Kelly then falsely conveyed to the Court that Plaintiff was in the hallway during the termination hearing.  Plaintiff was not only NOT in the hallway during the termination hearing, but Defendants failed to serve notice to Plaintiff of the termination hearing.

28.   Defendants' conduct and conspiracy therefore was a deprivation, under color of state law, or rights guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution.

## **SECOND CLAIM FOR RELIEF**
(42 U.S.C. § 1983)

29.   Plaintiff repeats and realleges paragraphs 1 through 28 as if fully repeated herein.

30.   Defendants Luzerne County's and Luzerne County CYS's polices and customs violated Plaintiff's rights guaranteed under the Fourteenth Amendment to the United States Constitution.

31. As a result of Defendants Luzerne County's and Luzerne County CYS's violations of Plaintiff's Constitutional rights, he suffered and continues to suffer substantial injuries and damage.

WHEREFORE, Plaintiff demands judgment as follows:

A. An amount to be determined at trial, including punitive damages against Defendants, Luzerne County Children and Youth and LeDonne Kelly, plus interest;

B. An amount to be determined at trial against Defendants Luzerne County, Pennsylvania, and Luzerne County Children and Youth Services, plus interest;

C. For Plaintiff's attorneys' fees, pursuant to 42 U.S.C. § 1988;

D. For the costs and disbursements incurred in this action; and

E. For such other and further relief as the Court deems just and proper.

                            Respectfully submitted,

                            /s/ Elizabeth J. Bartolai, Esquire
                            PA Bar: 62355
                            Gettysburg House
                            88 North Franklin Street
                            Wilkes-Barre, PA 18701
                            (570) 829-5579
                            Attorney for Plaintiff
                            George Bartleson

## *JURY DEMAND*

Plaintiff demands a trial by jury on all issues.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the us the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GEORGE BARTLESON

### DEFENDANTS
LUZERNE COUNTY PENNSYLVANIA; LUZERNE LUZERNE COUNTY CHILDREN & YOUTH SERVICES; LEDONNE KELLY

(b) County of Residence of First Listed  LUZERNE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  LUZERNE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
ELIZABETH J. BARTOLAI, ESQ
88 N. FRANKLIN ST
WILKES-BARRE, PA 18701
(570) 829-5572

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF |
|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/e |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced a Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commoditie Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | |
| | | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determin Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Action |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
THIS ACTION ARISES OUT OF VIOLATIONS OF 42 U.S.C. §1983 W/REGARD TO THE WRONGFUL TERMINATION OF A PARENT'S RIGHTS.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ To be determined at trial
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE  JANUARY 7, 2009
SIGNATURE OF ATTORNEY OF RECORD  [signature]

FOR OFFICE USE ONLY

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

__GEORGE BARTUSON__
(Plaintiff)

v.

LUZERNE COUNTY PA; LUZERNE COUNTY CHILDREN & YOUTH SERVICES & LE DONNE KELLY
(Defendant)

AFFIDAVIT / DECLARATION
IN SUPPORT OF REQUEST
TO PROCEED
IN FORMA PAUPERIS

I, __GEORGE BARTUSON__ certify that I am the plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to redress.

I further state that the responses which I have made to questions and instructions below are true and correct.

1. Are you presently employed?   Yes _____   No __✓__

a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.

_____

b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received.

_____

2. Have you received within the past twelve months any money from any of the following sources?

    a. Business, profession or form of self-employment?   Yes _____   No __✓__

    b. Rent payments, interest or dividends?   Yes _____   No __✓__

    c. Pensions, annuities or life insurance payments?   Yes _____   No __✓__

    d. Gifts or inheritances?   Yes _____   No __✓__

    e. Any other sources?   Yes _____   No __✓__

If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months.

3. Do you own any cash, or do you have money in a checking or savings account? Yes _____ No √ (Include any funds in prison accounts.)

If the answer is yes, state the amount of cash or the present balance in any account.

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property, excluding ordinary household furnishings and clothing?  Yes _____  No √

If the answer is yes, describe the property and state its approximate value.

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____

_____

I understand that a false statement or answer to any questions in this affidavit/ unsworn declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    1\2\09
                   Date

*George Bartleson*
Signature of Plaintiff