## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE BARTLESON,** | : | **CIVIL ACTION - LAW** |
| | : | |
| **Plaintiff,** | : | **JURY TRIAL DEMANDED** |
| **v.** | : | |
| | : | |
| **LUZERNE COUNTY, PENNSYLVANIA,** | : | |
| **LUZERNE COUNTY CHILDREN AND** | : | |
| **YOUTH SERVICES AND LEDONNE** | : | |
| **KELLY,** | : | |
| | : | |
| **Defendants.** | : | **NO. 3:09-CV-00031** |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Luzerne County (the "County"), Luzerne County Children and Youth Services ("Children and Youth") and Ledonne Kelly ("Ms. Kelly")(collectively, "Defendants"), by and through their undersigned counsel, hereby answer and raise affirmative defenses to the complaint of Plaintiff George Bartleson ("Plaintiff").

### JURISDICTION AND VENUE

1.  Denied.

### PARTIES

2.  Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2 of Plaintiff's complaint, therefore, said averments are specifically denied.

3. Denied as stated. The County is a duly organized third class county. By way of further response, Children and Youth is a county agency as that term is defined in the Child Protective Services Law established pursuant to Section 405 of the County Institution District Law and supervised by the Department of Public Welfare.

4. Admitted. By way of further response, Ms. Kelly is no longer employed at Children and Youth.

5. Admitted.

## BACKGROUND

6. Denied. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6 of Plaintiff's complaint, therefore, said averments are specifically denied.

7.   Denied as stated.   Prior to her separation from employment, Ms. Kelly served as a caseworker at Children and Youth and worked with Nebraska Meyer ("minor").

8.   Denied, including denied as stated.   Upon information and belief the minor was found to be dependent by the Luzerne County Court of Common Pleas' Orphans' Court Division.   By way of further response and after reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 8 as the record in this matter has been sealed post-adoption, therefore, said averments are specifically denied.

9-15.   Denied.   After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 9-15 as the record in this matter has been sealed post-adoption, therefore, said averments are specifically denied.

3

16-18. Denied. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 16-18, therefore, said averments are specifically denied.

19. Denied. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 19 as the record in this matter has been sealed post-adoption, therefore, said averments are specifically denied.

20. Denied. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 20, therefore, said averments are specifically denied.

21. Denied. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 as the record in this matter has been

sealed post-adoption, therefore, said averments are specifically denied.

22. Admitted in part; denied in part. It is admitted only that the minor was adopted subsequent to a termination hearing. By way of further response and after reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 22 as the record in this matter has been sealed post-adoption, therefore, said averments are specifically denied.

23. Denied.

24. Denied, including the narrative regarding the Policies of Luzerne County and of Children and Youth. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 24, therefore, said averments are specifically denied.

## **FIRST CLAIM FOR RELIEF**
### **(42 U.S.C. §1983)**

25. Defendants incorporate each and every of the preceding paragraphs as if set forth at length.

26. Admitted.

27-28.  Denied.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff, together with an award of costs, attorneys' fees, expenses and such other and further relief as the Court deems just and proper.

## **SECOND CLAIM FOR RELIEF**
### **(42 U.S.C. §1983)**

29. Defendants incorporate each and every of the preceding paragraphs as if set forth at length.

30-31.  Denied.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff, together with an award of costs, attorneys' fees, expenses and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

32. Defendants incorporate each and every of the preceding paragraphs as if set forth at length.

33. Plaintiff's complaint fails to state a claim upon which relief may be granted.

34. Plaintiff's claims against Defendants are barred by the doctrine of immunity, including qualified immunity.

35. Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Tort Claims Act.

36. Plaintiff's alleged damages, if any, were caused by his own acts and conduct or by the acts and conduct of other persons for whom Plaintiff is responsible.

37. Plaintiff's claims are barred, in whole or in part, because Defendants' actions were reasonable under the circumstances.

38. Plaintiff's claims are barred, in whole or in part, because at all times relevant hereto, the actions of Defendants were taken pursuant to valid procedures.

39. Plaintiff's claims are barred, in whole or in part, because all alleged acts complained of were taken in good faith by Defendants.

40. Plaintiff's claims are barred, in whole or in part, because he has not suffered any damages.

41. Plaintiff's claims are barred because Plaintiff consented to or instructed the actions or inactions of Defendants.

42. Plaintiff's claims are barred, in whole or in part, because Defendants' actions were not outrageous.

43. Plaintiff's claims are barred, in whole or in part, because Defendants' actions were not intentional.

44. Plaintiff's claims are barred, in whole or in part, because he did not engage in any activity protected by the Fourteenth Amendment.

45. Plaintiff's claims fail, in whole or in part, because Plaintiff has not and can not identify the specific training, which is allegedly insufficient.

46. Plaintiff's claims are barred, in whole or in part, because he has not sufficiently identified a right protected by the Fourteenth Amendment.

47. Plaintiff's claims are barred, in whole or in part, because Plaintiff was provided all notice and due process required by law.

48. Plaintiff's claim for punitive damages fails as he has not and cannot allege or prove conduct which would warrant such damages.

49. Plaintiff's claims fail, in whole or in part, because Defendants' actions did not "shock the conscience".

50. Plaintiff's claims for punitive damages against the County and Children and Youth fail as a matter of law because such damages are not recoverable against such entities.

51. Plaintiff's claims are barred by the applicable statute of limitations.

**WHEREFORE,** Defendants demand judgment in their favor and against Plaintiff, together with an award of

costs, attorneys' fees, expenses and such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/Mark W. Bufalino
John G. Dean
Mark W. Bufalino
**ELLIOTT GREENLEAF & DEAN**
201 Penn Avenue, Suite 202
Scranton, PA  18503
(570) 346-7569

Attorneys for Defendants
Luzerne County, Luzerne
County Children and Youth
Services and Ledonne Kelly

DATED:  March 16, 2009

## <u>CERTIFICATE OF SERVICE</u>

I, Mark W. Bufalino, hereby certify that I have caused to be served this day a true and correct copy of Defendants' answer and affirmative defenses <u>via</u> United States First Class Mail addressed as follows:

> Elizabeth Bartolai, Esquire
> Attorney Plaintiff
> 88 North Franklin Street
> Wilkes-Barre, PA  18701

> /s/Mark W. Bufalino
> Mark W. Bufalino

DATED:  March 16, 2009